The next case call for oral argument is People v. Joel Nelson. My name is Timothy James Taney, and I represent the people of the state of Illinois. Your Honor, as in my time before you, I will show you why the trial court sued Espontate's dismissal of the defendant's Section 214.01 petition before the 30-day statutory requirement period was still correct. Now, the state raises two issues here in the brief that are particularly not—these are issues of first impression that were not decided or addressed in the Illinois Supreme Court case of People v. Law. And the first issue, I think, should be brought before this Court's attention, and I urge this Court to rule upon this matter to give other courts in this district, as well as the Supreme Court, an understanding of issues that have not previously been addressed. And that is standing. The defendant does not have standing to raise a claim in this case. Standing is a long-settled principle. As the Illinois Supreme Court itself stated, standing requires that issues should be raised by parties with a real interest in the outcome of the controversy of the case. That's in Glisson v. City of Marion. Again, the Supreme Court further expounds upon this and says, some injury, in fact, must be there for a legally cognizable interest. Here, the defendant cannot claim that he has standing. He was injured in no way. The trial court, by making a sua sponte dismissal before the statutory response of pleading deadline in Illinois Supreme Court Rule 105, injured, if any party, the state. The state didn't have its chance to respond and make a defense to the defendant's claim, but the defendant had his opportunity. He raised his issues in his Section 214.01 petition. The trial court's sua sponte dismissal did nothing to create a legally cognizable interest for him to have standing to bring this issue before this court. Therefore, because he lacked standing, he should not be able to come to this court and raise claims that ultimately have nothing to do with his interests. Therefore, this court's rule that the trial court's sua sponte dismissal before the 30-day deadline imposed by Rule 105 should be honored, and the trial court's decision was correct. And secondly, the state also presses one more novel issue here, and that is it retroactively waives its claim to the trial court's sua sponte dismissal. Certainly, Rule 105 gives that 30-day period for the state to be able to make a response of pleading to make a defense to whatever issues are raised in a defendant's Section 214.01 petition. But here the state willingly and unequivocally retroactively waives its right to respond to the defendant's pleading in the court below. Therefore, the state has no interest. The state doesn't claim to have any interest in this case that the trial court did not already dismiss. In fact, I would point this court particularly to, again, established case precedent. And I quote, Rule 105 is designed to protect a party's right to reasonable notice as to enable a defense to be made. But again, here if the state says we willingly waive our right to respond, we willingly waive our right to defend ourselves because we agree and we adopt the trial court's holding. Therefore, in the Rule 105, the substance, the purpose of that rule of law, which is to enable the state to be able to defend itself, is satisfied. The state has to defend itself by adopting the trial court's conclusion below. And because of that, this court should honor the principle, the absolute policy or purpose behind Rule 105, which is to enable the state to make a defense. Here the state has made its defense by adopting the trial court's decision below. And because of that, Rule 105 has been satisfied. Even though the trial court technically violated Rule 105 by making a sua sponte dismissal of the defendant's petition before the 30-day period, the heart, the rationale, the purpose of Rule 105 was for the state's benefit, not for the defendant's benefit. And here a strict enforcement of a 30-day responsive pleading rule would actually work to the detriment of the party that it is designed to protect, i.e., the state. The state willingly waives its right to respond. And because of that, Rule 105 satisfies the trial court's sua sponte dismissal should be adopted and was corrected by that court. Again, I urge this court to consider these issues. These are issues of first impression that were not developed in law. I would leave this court with one particular note. A strict or mechanical application of law essentially creates less efficient judicial economy. The judicial administration will essentially come to the point where the state, if this court, for example, were to reverse and remand this case, all the state would have to do is wait for another 30-day period. And there's even a question there whether or not the 30-day period is told from the original local court proceeding or whether it starts again. It creates more issues which will come to inevitable flood of appeals for various technical issues. Rather, all the state will do, if it was remanded, would simply adopt the trial court's rationale, copy and paste the trial court's order into its own motion, saying this is our defense. The trial court would once again agree, and then the case would be settled there. The defendant may make another claim that the 30-day response of pleading wasn't told or that it wasn't correctly applied in that case, and then again it goes on appeal. And it becomes an endless flood of appeals which stops the efficiency of the judicial process. We should make a rule of law that is efficient, a rule of law that has purpose and understanding. Here, Rule 105 is unequivocally designed to protect the state, the state to be able to respond. If the state chooses not to respond and willingly waives its right to respond, Rule 105 is satisfied. So if the defendant – if this court were to find the defendant does have standing, still the trial court's decision is correct because they gradually have to waive its right to respond. Do you have any questions for me? Thank you very much. Thank you, Counselor. We appreciate your briefs and your argument. We'll take the case under advisement.